UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - x
                                                    :

UNITED STATES OF AMERICA        :   __INDICTMENT__

                              :

       - v. -             :   08 Cr.

                              :

ILYA BORUCH,

           Defendant.    :

                              :

- - - - - - - - - - - - - - - - - - x

**08 CRIM 820**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 2 8 2008

COUNT ONE

(Conspiracy)

The Grand Jury charges:

BACKGROUND

__WebMoney__

1.   At all times relevant to this Indictment, the
WebMoney Transfer Online Payment System ("WebMoney") was an
Internet-based system through which individuals, without
employing a bank account, could securely and anonymously send or
receive cash over the Internet in the form of WebMoney "units."
WebMoney units served as a form of digital currency equivalent to
various traditional currencies, such as United States Dollars,
Russian Rubles, and European Union Euros.  WebMoney "exchangers"
were individuals or companies that would convert traditional
currency into WebMoney units, or vice versa, for a fee.
Individuals could maintain WebMoney accounts, to and from which
they could transfer WebMoney units anonymously.

## Currency Transaction Reports

2.    At all times relevant to this Indictment, persons engaged as a business in the transmission of funds, including persons engaged as a business in informal money transfer systems or networks of people engaged as a business in facilitating the transfer of money domestically or internationally outside of the conventional financial institutions system, were required to file with the United States Department of the Treasury a Currency Transaction Report ("CTR") for each cash transaction in excess of $10,000.  Conduct causing such persons to fail to file CTRs as required by law was prohibited.

## The Defendant

3.    At all times relevant to this Indictment, ILYA BORUCH, the defendant, was the chief executive and owner of Bidding Expert, Inc. ("Bidding Expert"), a company with offices in Rego Park, New York.

4.    At all times relevant to this Indictment, ILYA BORUCH, the defendant, through Bidding Expert, offered various financial services to customers, including exchanging cash into WebMoney units, and vice versa.

5.    At all times relevant to this Indictment, ILYA BORUCH, the defendant, represented on Bidding Expert's Internet website that:

       a.   He served as Bidding Expert's "Anti-Money Laundering Policy Compliance Officer," responsible for reporting suspicious financial activity to law enforcement;

       b.   Bidding Expert required its customers to provide proof of their identity, including their names, proof of address, photographic identification cards, and Social Security numbers;

       c.   Bidding Expert customers could exchange and transfer a maximum of $500 in WebMoney per week; and

       d.   Bidding Expert was a registered money services business with the United States Department of the Treasury and reported to law enforcement suspicious transactions involving aggregate assets of $2,000 or more, but did not file CTRs because it did not process transactions of more than $10,000 for the same customer in the same day.

<u>The Fraudulent ATM Withdrawals</u>

       6.   From in or about December 2006, through in or about February 2008, in the Southern District of New York and elsewhere, two co-conspirators not named as defendants herein ("CC-1" and "CC-2") withdrew without authorization millions of dollars in cash from other peoples' bank accounts via Automatic Teller Machines ("ATMs") in New York City using ATM cards that they had encoded with stolen account information that they had received from other co-conspirators outside the United States.

7.    As part of the criminal scheme to receive stolen account information from their overseas co-conspirators and to steal money through fraudulent ATM withdrawals, as described above, CC-1 and CC-2 would transfer the majority of the money stolen via ATMs to their overseas co-conspirators, keeping a portion of the proceeds as their cut of the scheme.

<u>Statutory Allegation</u>

8.    From in or about December 2006, up to and including in or about February 2008, in the Southern District of New York and elsewhere, ILYA BORUCH, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1956(a)(2)(B)(ii).

9.    It was a part and an object of the conspiracy that ILYA BORUCH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully and knowingly, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity, to wit,

4

access device fraud and bank fraud, with the intent to promote

the carrying on of specified unlawful activity, in violation of

Title 18, United States Code, Section 1956(a)(1)(A)(i).

       10.  It was further a part and an object of the

conspiracy that ILYA BORUCH, the defendant, and others known and

unknown, in an offense involving and affecting interstate and

foreign commerce, knowing that the property involved in financial

transactions represented the proceeds of some form of unlawful

activity, unlawfully, willfully and knowingly, would and did

conduct and attempt to conduct such financial transactions which

in fact involved the proceeds of specified unlawful activity, to

wit, access device fraud and bank fraud, knowing that the

transactions were designed in whole and in part to conceal and

disguise the nature, the location, the source, the ownership, and

the control of the proceeds of specified unlawful activity, in

violation of Title 18, United States Code, Section

1956(a)(1)(B)(i).

       11.  It was further a part and an object of the

conspiracy that ILYA BORUCH, the defendant, and others known and

unknown, in an offense involving and affecting interstate and

foreign commerce, knowing that the property involved in financial

transactions represented the proceeds of some form of unlawful

activity, unlawfully, willfully, and knowingly would and did

conduct and attempt to conduct such financial transactions, which

in fact involved proceeds of specified unlawful activity, to wit, access device fraud and bank fraud, knowing that the transactions were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(ii).

12.    It was further a part and an object of the conspiracy that ILYA BORUCH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, unlawfully, willfully and knowingly, would and did transport, transmit and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity, to wit, access device fraud and bank fraud, in violation of Title 18, United States Code, Section 1956(a)(2)(A).

13.    It was further a part and an object of the conspiracy that ILYA BORUCH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, unlawfully, willfully and knowingly, would and did transport, transmit and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the

6

United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

14.  It was further a part and an object of the conspiracy that ILYA BORUCH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, unlawfully, willfully and knowingly, would and did transport, transmit and transfer, and attempt to transport, transmit, and transfer, monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer was designed in whole and in part to avoid a transaction reporting requirement under State and Federal

law, in violation of Title 18, United States Code, Section
1956(a)(2)(B)(ii).

<u>Means and Methods of the Conspiracy</u>

15.   Among the means and methods by which ILYA BORUCH,
the defendant, and his co-conspirators would and did carry out
the conspiracy were the following:

a.   CC-1 and CC-2 would steal money from other
people's bank accounts via ATMs in New York City and elsewhere,
including ATMs in Manhattan, by using ATM cards encoded with
stolen account information.

b.   After stealing money, as described above, CC-
1 and CC-2 would meet with ILYA BORUCH, the defendant, at various
locations in Queens and Brooklyn, New York, where CC-1 and CC-2
would hand BORUCH quantities of cash, typically in excess of
$10,000.  BORUCH then would cause the cash to be converted into
WebMoney units, which he would then transfer, at CC-1's
direction, to the WebMoney account of at least one other overseas
co-conspirator, or to CC-1's WebMoney account.

c.   After receiving more than $10,000 in a single
day from CC-1 and CC-2, converting the cash into WebMoney units,
and transferring the WebMoney units as described above, ILYA
BORUCH would not file CTRs as required by law.

d.   After receiving WebMoney units from ILYA
BORUCH, the defendant, CC-1 would transfer the WebMoney units

from CC-1's WebMoney account to the WebMoney accounts of overseas co-conspirators.

e.    After receiving the WebMoney units from ILYA BORUCH, the defendant, or CC-1, the overseas co-conspirators would then provide CC-1 and CC-2 with additional stolen bank account information, which CC-1 and CC-2 would use to steal more money via ATMs, as described above.

<u>Overt Acts</u>

16.    In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.    On or about January 11, 2008, ILYA BORUCH, the defendant, arranged to pick up approximately $60,000 in cash from CC-1 in Brooklyn, New York.

b.    On or about January 24, 2008, BORUCH arranged to pick up approximately $80,000 in cash from CC-1 in Brooklyn, New York.

c.    On or about January 17, 2008, BORUCH arranged to pick up approximately $50,000 from CC-2 in Brooklyn, New York.

d.    On or about February 5, 2008, BORUCH informed CC-1 that he had transferred approximately $50,000 in WebMoney units into CC-1's account.

e.    On or about February 14, 2008, CC-2 withdrew approximately $12,350 from an ATM in Manhattan, New York.

f.    On or about February 21, 2008, CC-1 and CC-2 withdrew approximately $4,000 from an ATM in Manhattan, New York.

g.    On or about February 25, 2008, BORUCH informed CC-1 that approximately $40,000 in WebMoney units would be available the following day.

h.    On or about February 26, 2008, BORUCH transferred approximately $40,000 in WebMoney units into CC-1's WebMoney account.

(Title 18, United States Code, Section 1956(h).)

## COUNT TWO

(Money Laundering: Avoiding Currency
Transaction Reporting Requirements)

The Grand Jury further charges:

17.    The allegations of paragraphs 1 through 7, 15 and 16 are repeated, realleged and incorporated by reference as though fully set forth herein.

## Statutory Allegation

18.    From on or about February 14, 2008, through on or about February 26, 2008, in the Southern District of New York and elsewhere, ILYA BORUCH, the defendant, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in a

financial transaction represented the proceeds of some form of
unlawful activity, unlawfully, willfully, and knowingly conducted
and attempted to conduct such financial transaction, which in
fact involved proceeds of specified unlawful activity, to wit,
access device fraud and bank fraud, knowing that the transaction
was designed in whole and in part to avoid a transaction
reporting requirement under State and Federal law, to wit,
BORUCH, without filing a currency transaction report, received
approximately $40,000 in cash, converted it into WebMoney units,
and transferred the WebMoney units from New York City to
individuals outside the United States.

(Title 18, United States Code, Sections 1956(a)(1)(B)(ii) and 2.)

## COUNT THREE

(Money Laundering: Avoiding Currency
Transaction Reporting Requirements)

The Grand Jury further charges:

19.   The allegations of paragraphs 1 through 7, 15 and
16 are repeated, realleged and incorporated by reference as
though fully set forth herein.

### Statutory Allegation

20.   From on or about February 14, 2008, through on or
about February 26, 2008, in the Southern District of New York and
elsewhere, ILYA BORUCH, the defendant, and others known and
unknown, in an offense involving and affecting interstate and

11

foreign commerce, unlawfully, willfully and knowingly, would and did transport, transmit and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States, knowing that the monetary instruments and funds involved in the transportation, transmission and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission and transfer were designed in whole and in part to avoid a transaction reporting requirement under State and Federal law, to wit, without filing a currency transaction report, received approximately $40,000 in cash, converted it into WebMoney units, and transferred the WebMoney units from New York City to individuals outside the United States.

(Title 18, United States Code, Sections 1956(a)(2)(B)(ii) and 2.)

## FORFEITURE ALLEGATION

21.  As a result of committing one or more of the offenses alleged in Counts One through Three of this Indictment, the defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982, all property, real and personal, involved in the money laundering offenses and all property traceable to such property, including but not limited to the following:

a.    At least $2,000,000 in United States currency, in that such sum in aggregate is property which was involved in the money laundering offenses or is traceable to such property.

### Substitute Asset Provision

b.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

i.    cannot be located upon the exercise of due diligence;

ii.    has been transferred or sold to, or deposited with, a third person;

iii. has been placed beyond the jurisdiction of the Court;

iv.    has been substantially diminished in value; or

v.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §
982(b), to seek forfeiture of any other property of said
defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 982 and 1956.)


FOREPERSON

MICHAEL J. GARCIA
United States Attorney

14

Form No. USA-33s-274 (Ed. 9-25-58)

===

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

===

## UNITED STATES OF AMERICA

- v. -

## ILYA BORUCH,

**Defendant.**

===

## INDICTMENT

08 Cr. ___

18  U.S.C. §§ 1956(a)(1)(B)(ii), 1956(a)(2)(B)(ii) , 1956(h),
and 2.

MICHAEL J. GARCIA
United States Attorney.

**A TRUE BILL**

_____
Foreperson.

_Filed indictment. Case assigned to Judge Daniels._

_— Francis, J._