UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

        - v. -                    :   S1 08 Cr. 820 (GBD)

ILYA BORUCH,                      :

            Defendant.            :

- - - - - - - - - - - - - - - - - x


### GOVERNMENT'S REQUESTS TO CHARGE


PREET BHARARA

*United States Attorney for the*
*Southern District of New York*
*Attorney for the United States*
*of America*


Thomas G. A. Brown
Lee Renzin
*Assistant United States Attorneys*
    *-Of Counsel-*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

           - v. -                     :   S1 08 Cr. 820 (GBD)

ILYA BORUCH,                          :

              Defendant.              :

- - - - - - - - - - - - - - - - - - x
```

### <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

      Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following instructions in its charge to the jury. The Government also requests leave to offer such additional instructions as may become appropriate during the course of the trial.

**GOVERNMENT REQUESTS TO CHARGE BY NUMBER**

Request No.                                                              Page

1.   General Requests........................................1

2.   The Indictment..........................................2

3.   Multiple Counts – One Defendant.........................4

4.   Count One: Money Laundering Conspiracy (The Indictment And
     The Statute)............................................5

5.   Purpose Of The Statute; Distinct From Substantive
     Offense.................................................6

6.   Elements Of The Offense.................................8

7.   First Element: Existence Of The Conspiracy..............9

8.        First Object (Financial Transaction to Avoid
          Transaction Reporting Requirement).................15

9.        First Element: Agreement to Conduct a Financial
          Transaction.......................................17

10.       Second Element: Source of Funds...............21

11.       Third Element: Knowledge of the Source of
          Funds.........................................24

12.       Fourth Element: Knowledge That Transaction Was
          Designed to Avoid a Reporting Requirement......26

13.       Second Object (International Transportation to Avoid
          Transaction Reporting Requirement.................28

14.       First Element: Agreement to Transport a Monetary
          Instrument or Funds to or from the United
          States.........30

15.       Second Element: Source of Funds...............33

16.       Third Element: Knowledge of the Source of
          Funds.........................................34

17.       Fourth Element: Knowledge That Transaction Was
          Designed to Avoid a Reporting Requirement......35

i

18.  Second Element: Membership In The Conspiracy.............36

19.  No Overt Act Requirement................................40

20.  <u>Count Two: Conspiracy to Defraud the United States</u> (The Indictment And The Statute)............................41

21.  Elements Of Conspiracy..................................43

22.  First Element: Existence of the Conspiracy..............44

23.  Second Element: Membership in the Conspiracy............46

24.  Third Element: Overt Act................................47

25.  Conscious Avoidance.....................................50

26.  Venue...................................................54

27.  Time of Conspiracies....................................55

28.  Liability For Acts and Declarations of Co-Conspirators...56

29   Variance In Dates, Amounts, And Facts Alleged...........58

30.  Use of Cooperating Witnesses............................59

31.  Expert Testimony........................................62

32.  Particular Investigative Techniques ....................63

33.  False Exculpatory Statements............................64

34.  Defendant's Testimony...................................65

35.  Defendant's Right Not To Testify........................66

36.  Testimony Of Law Enforcement Officers...................67

37.  Limiting Instruction: Similar Act Evidence..............68

38.  Uncalled Witness: Equally Available To Both Sides.......70

39.  Charts and Summaries: Admitted as Evidence..............72

40.  Charts And Summaries: Not Admitted As Evidence..........73

41.  Stipulations Of Testimony...............................75

42.   Stipulations Of Fact....................................76

43.   Persons Not On Trial....................................77

44.   Preparation Of Witnesses................................78

45.   Character Witnesses.....................................79

46.   Conclusion..............................................81

## **REQUEST NO. 1**

### **General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a.   Function Of Court And Jury

b.   Indictment Not Evidence

c.   Statements Of Court And Counsel Not Evidence

d.   Burden Of Proof And Presumption Of Innocence

e.   Reasonable Doubt

f.   Government Treated Like Any Other Party

g.   Inferences

h.   Definitions And Examples Of Direct And Circumstantial Evidence

i.   Credibility Of Witnesses

j.   Interest In Outcome

k.   Right To See Exhibits And Have Testimony Read During Deliberations

l.   Sympathy: Oath As Jurors

m.   Punishment Is Not To Be Considered By The Jury

n.   Verdict Of Guilt Or Innocence Must Be Unanimous

**REQUEST NO. 2**

**The Indictment**

The defendant is formally charged in an Indictment.  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  The Indictment in this case contains two counts.

Count One of the Indictment charges the defendant, ILYA BORUCH, with conspiracy to commit money laundering.  The Indictment alleges that BORUCH, together with others known and unknown, agreed to commit money laundering in two separate ways: first, by engaging in financial transactions that involved the proceeds of specified unlawful activity – and specifically access device fraud and bank fraud – and that were designed to avoid federal transaction reporting requirements; and second, by engaging in the international transportation of funds, that involved the proceeds of some form of unlawful activity, for the purpose of avoiding federal transaction reporting requirements.

Count Two charges BORUCH with conspiracy to defraud the the United States Government, and specifically its agency, the Internal Revenue Service ("IRS").  The object of the conspiracy alleged in Count Two is to defraud the IRS by impeding, impairing, defeating, and obstructing its lawful governmental functions in the collection and recording of Currency Transaction Reports, or "CTRs", for cash transactions in excess of $10,000.

2

Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 3-2; the charge of the
Hon. Paul A. Crotty in <u>United States v. Rowe</u>,
07 Cr. 771 (2008); and the charge of the Hon.
Shira A. Scheindin in <u>United States v.
Guastella</u>, 98 Cr. 1325 (2001).

**REQUEST NO. 3**

**Multiple Counts – One Defendant**

The Indictment contains a total of two counts.  Each count charges the defendant with a different crime.  You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant guilty or not guilty as to one offense should not affect your verdict as to the other offense charged.

I will now instruct you on the elements that the Government must prove beyond a reasonable doubt for each of the two charged offenses.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 3-6.

4

**REQUEST NO. 4**

**Count One – Money Laundering Conspiracy**

**The Indictment And The Statute**

As I said, Count One of the Indictment charges the defendant, ILYA BORUCH, with participating in a conspiracy to commit money laundering. *[The Court is respectfully requested to read Count One of the Indictment, excluding the "overt acts" section.]*

The Indictment then lists the overt acts that are alleged to have been committed in furtherance of the conspiracy.

The relevant statute on this subject provides:

> Any person who conspires to commit any offense defined in [the money laundering statutes] shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy.

Sand, <u>Modern Federal Jury Instructions</u>, Instr. 19-1.

**REQUEST NO. 5**

**Count One – Money Laundering Conspiracy**

**Purpose Of The Statute; Distinct From Substantive Offense**

As I said, Count One charges a Money Laundering Conspiracy.  A conspiracy is a kind of criminal partnership – a combination or agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy – or unlawful combination or agreement – to commit money laundering, as charged in Count One of the Indictment, is an independent offense.  That is, a conspiracy is separate and distinct from the actual violation of any specific federal law.  The actual violation of any specific federal laws is referred to as a "substantive crime."

Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the object of the conspiracy is not achieved.  This is because collective criminal activity poses a greater threat to the public's safety and welfare than individual conduct, and increases the likelihood of success of a particular criminal venture.

The defendant is charged only with money laundering conspiracy, and not with the substantive crime of money laundering.  Given that a conspiracy and a substantive crime are distinct and independent offenses, you may find BORUCH guilty of the crime of conspiracy even if you find that he never actually

6

committed one or both of the substantive money laundering crimes
that were the objects of the conspiracy.

        Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instr. 19-2.

**REQUEST NO. 6**

**Count One – Money Laundering Conspiracy**

**Elements of the Offense**

For you to find the defendant guilty of Count One, you must be convinced beyond a reasonable doubt that the Government has proved each of the following two elements beyond a reasonable doubt:

First, that two or more persons entered into an unlawful agreement to commit a money laundering offense; and

Second, that the defendant knowingly and willfully entered into the agreement to commit a money laundering offense.

Now, let us separately consider these two elements. First, the existence of the conspiracy; and second, whether the defendant knowingly associated himself with, and participated in, the conspiracy.

Sand, Modern Federal Jury Instructions, Instr. 19-3; 18 U.S.C. § 1956(h).

8

**REQUEST NO. 7**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

Starting with the first element, what is a conspiracy? As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding, between two or more people to accomplish by joint action a criminal or unlawful purpose.  In this instance, the unlawful objects of the conspiracy charged in Count One are to violate the federal money laundering laws in two ways, namely (i) by engaging in financial transactions, involving the proceeds of specified unlawful activity, designed to avoid federal transaction reporting requirements; and (ii) by engaging in the international transportation of funds involving the proceeds of some form of unlawful activity for the purpose of avoiding federal transaction reporting requirements.

The gist, or the essence, of the crime of conspiracy is the unlawful combination or agreement of two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, or the actual commission of the crime that is the object of the conspiracy, is not required for a conspiracy to have existed.

The conspiracy alleged here in Count One, therefore, is an <u>agreement</u> to commit money laundering.  As I instructed you

9

before, it is an entirely distinct and separate offense from the substantive crime of money laundering.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details. You need not find that the alleged conspirators stated, in words or writing, what the scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished. What the Government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people to cooperate with each other to accomplish an unlawful act.

It is rare that a conspiracy can be proven by direct evidence of an explicit agreement. Rather, in determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions and conduct of all the alleged co-conspirators that were taken to carry out the apparent criminal purpose. The old adage, "actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken all together and considered as a whole, however, those acts and conduct may

warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, you must first determine whether or not the evidence established beyond a reasonable doubt the existence of the conspiracy charged in the Indictment.  In considering this first element, you should consider all the evidence that has been admitted with respect to the conduct and statements of each alleged co-conspirator, and any inferences that may reasonably be drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

### Objects Of The Money Laundering Conspiracy

The objects of a conspiracy are the illegal goals the co-conspirators agree or hope to achieve.  As I've mentioned, the Indictment here charges that the objects of the conspiracy charged in Count One were to commit money laundering in two ways: <u>first</u>, to engage in a financial transaction, involving the proceeds of some form of specified unlawful activity, designed to avoid a transaction reporting requirement, in violation of 18 U.S.C. § 1956(a)(1)(B)(ii); and <u>second</u>, to engage in the

11

international transportation of funds, involving the proceeds of some form of unlawful activity, designed to avoid a transaction reporting requirement, in violation of 18 U.S.C. § 1956(a)(2)(B)(ii).  In a moment, I will give you more detailed instructions regarding these objects.

In considering these objects, you should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects.  An agreement to accomplish either of the objects is sufficient.  However, you must all agree on the specific object the conspirators agreed to try to accomplish.  On the other hand, if the government fails to prove that at least one of the objects was an object of the conspiracy, then you must find the defendant not guilty on the conspiracy count.

*     *     *

If you find that the defendant agreed to commit money laundering in one or both of the ways charged in the Indictment, then the illegal purpose element of the conspiracy charge is satisfied.

If the Government fails to prove that either of the two objects set forth in the Indictment was an objective of the conspiracy in which the defendant participated, then you must find the defendant not guilty on the conspiracy count.  However, if you find that the conspirators agreed to accomplish at least one of the objectives charged in the Indictment, whether or not

12

that objective was in fact accomplished, the illegal purpose
element will be satisfied.  In other words, you may find the
defendant guilty of the crime of conspiring to commit the crime
of money laundering even if none of the substantive crimes of
money laundering was actually committed.  Conspiracy is a crime,
even if the conspiracy is not successful, or if the defendant
herself did not commit the substantive crime.

I will now explain to you in detail the two money
laundering offenses that are alleged as the objects of the money
laundering conspiracy.  I will then instruct you on the second
element of conspiracy, namely, that the defendant knowingly and
willfully joined the conspiracy.

> Adapted from the charge of the Hon. Richard
> J. Sullivan in United States v. Peirce, 06
> Cr. 1032 (2008), the charge of the Hon.
> Barbara S. Jones in United States v.
> Weissman, 01 Cr. 529, and Sand, Modern
> Federal Jury Instructions, Instr. 19-4; see
> United States v. Rea, 958 F.2d 1206, 1214 (2d
> Cir. 1992) ("In order to prove conspiracy,
> the government need not present evidence of
> an explicit agreement; proof of a tacit
> understanding will suffice.  The
> coconspirators need not have agreed on the
> details of the conspiracy, so long as they
> have agreed on the essential nature of the
> plan, and their goals need not be congruent,
> so long as they are not at cross-purposes.")
> (citations omitted); United States v.
> Montour, 944 F.2d 1019, 1025 (2d Cir. 1991)
> ("To prove the existence of an agreement, the
> government need not present evidence of a
> formal arrangement between the co-
> conspirators.  Rather, it is sufficient if
> the government can demonstrate that the
> defendant acted together with others to

realize a common goal") (citations omitted);
<u>United States v. Rubin</u>, 844 F.2d 979, 983-84
(2d Cir. 1988) (generally discussing proof of
agreement).

**REQUEST NO. 8**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**First Object (Financial Transaction to Avoid Transaction
Reporting Requirement)**

**Elements**

The first alleged object of the money laundering
conspiracy is to violate Section 1956(a)(1)(B)(ii), which deals
with participating in a financial transaction that involves
property constituting the proceeds of specified unlawful
activity.  Specifically, Section 1956(a)(1)(B)(ii) provides:

> Whoever, knowing that the property involved
> in a financial transaction represents the
> proceeds of some form of unlawful activity,
> conducts or attempts to conduct such a
> financial transaction which in fact involves
> the proceeds of specified unlawful activity
> ... knowing that the transaction is designed
> in whole or in part ... to avoid a
> transaction reporting requirement under State
> or Federal law [is guilty of crime].

To sustain its burden of proof that the money
laundering conspiracy charged in Count One existed and that this
first type of money laundering was its object, the Government
must prove beyond a reasonable doubt the following four elements:

First, that two or more persons knowingly entered into
an agreement to conduct or attempt to conduct a financial
transaction that would in some way or degree affect interstate

15

commerce;

Second, that those two or more persons agreed to conduct or attempt to conduct the financial transaction with property or funds that involved the proceeds of some form of specified unlawful activity;

Third, that those persons entered into the agreement with the knowledge that the property involved in the financial transaction was the proceeds of some form of unlawful activity; and

Fourth, that those persons entered into the agreement with the knowledge that the transaction was designed in whole or part to avoid a transaction reporting requirement under state or federal law.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 50A-7.

16

**REQUEST NO. 9**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**First Object (Financial Transaction to Avoid Transaction Reporting Requirement)**

**First Element: Agreement to Conduct a Financial Transaction**

The first element that the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to conduct a financial transaction involving property constituting the proceeds of specified unlawful activity, namely, access device fraud and bank fraud.

The term "conducts" includes the action of initiating, concluding, or participating in initiating or concluding a transaction.  It also includes directing somebody else to enage in a financial transaction.

A "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition of property.

The term "financial transaction" means (1) a transaction which in any way or degree affects interstate or foreign commerce and involves the movement of funds by wire or other means, or involves one or more monetary instruments, or involves the transfer of title to any real property, vehicle, vessel or aircraft, or (2) a transaction involving a financial

17

institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

A "financial institution" includes a money services business, which in turn includes currency exchangers and money transmitters. "Money transmitters" includes any person engaged as a business in the transfer of funds. An individual doing business as a financial institution, for example as a money transmitter, qualifies as an "institution."

A "transaction involving a financial institution" includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase of sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution by whatever means.

The term "monetary instruments", which I will define in more detail in connection with the second object of the charged conspiracy, includes United States currency.

Interstate commerce includes any transmission, transfer or transportation of goods or services, both tangible and intangible, communications, and/or persons, between persons, places or entities located in one state (including the District of Columbia) and persons, places or entities located in another state, regardless of whether done for a business purpose or

18

otherwise.  Foreign commerce means the same thing, except it is between a person, place or entity in the United States and a person, place or entity in a foreign country.

I instruct you that a transaction involving an interstate or foreign transfer of funds – in other words, moving money across a border, affects interstate or foreign commerce.

In determining whether someone is engaged in, or whether his activities <u>affect</u> interstate or foreign commerce, the involvement in interstate or foreign commerce can be minimal. Any involvement at all will satisfy this element.

You do not have to decide whether the effect on interstate or foreign commerce was harmful or beneficial to a particular business or to commerce in general.  The Government satisfies its burden of proving an effect on interstate or foreign commerce if it proves beyond a reasonable doubt any effect, whether it was harmful or not.

In addition, it is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate or foreign commerce by her actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant agreed to take would affect interstate or foreign commerce.


Adapted from Sand, <u>Modern Federal Jury</u>
<u>Instructions</u>, Instrs. 50A-3, 50A-8, 50B-3,

19

and 50B-4; the charge of the Hon. Denise L.
Cote in <u>United States v. Muse</u>, 06 Cr. 600
(2007); and the charge of the Hon. Lewis A.
Kaplan in <u>United States v. Salazar-Espinosa</u>,
05 Cr. 517 (2007). <u>See also</u> 31 C.F.R. §§
103.11, 103.22.

**REQUEST NO. 10**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**First Object (Financial Transaction to Avoid Transaction
Reporting Requirement)**

**Second Element:  Source of Funds**

The second element that the Government must prove
beyond a reasonable doubt is that the property involved in the
agreed-upon financial transaction was the proceeds of some form
of specified unlawful activity.

The term "proceeds" means any property, or any interest
in property, that someone acquires or retains as profits
resulting from the commission of the specified unlawful activity.
It is the Government's contention that the money involved in the
financial transaction in this case was derived from or obtained
as a result of, access device fraud and bank fraud.

The term "specified unlawful activity" means any one of
a variety of offenses defined by the statute. In this case, the
government has alleged that the funds in question were the
proceeds of access device fraud and bank fraud, and you have
heard testimony that the defendant's alleged co-conspirators,
Yuriy Rakushchynets and Ivan Biltse, pled guilty to charges that
included access device fraud and bank fraud.  I will give you
brief descriptions of these two crimes.

21

For purposes of the federal crime of access device fraud, bank account numbers are considered "access devices." Among other ways, a person commits access device fraud if he or she: (i) uses one or more access devices issued to another person or persons during a one-year period, and in so doing, obtains anything of value amounting to $1,000 or more; (iii) acts knowingly, willfully, and with intent to defraud; and (iv) by his or her actions, affected interstate or foreign commerce.  To act with intent to defraud means to act willfully and with the intent to deceive, for the purpose of causing some loss to another.  To act willfully means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

A person commits bank fraud if: (i) he or she executed, attempted to execute, or participated in a scheme or artifice to defraud a bank, or to obtain money owned by or under the custody or control of a bank, by means of false or fraudulent pretenses, representations, or promises; (ii) he or she knowingly and willfully engaged in the scheme or artifice – that is, that he or she acted with knowledge of the fraudulent nature of the scheme and with the specific intent to defraud the bank or to obtain, by deceiving the bank, money owned or controlled by that bank; and (iii) the bank involved was federally insured.  The last element simply means that the bank's deposits had to be insured by the

22

Federal Deposit Insurance Corporation during the time frame alleged in the Indictment.  The Government need <u>not</u> show that the individual charged with committing bank fraud knew that the bank was federally insured.

I instruct you that, as a matter of law, access device fraud and bank fraud both fall within the definition of "specified unlawful activity."  However, it is for you to determine whether the funds were the proceeds of the unlawful activity charged in the Indictment.

Adapted from Sand, <u>Modern Federal Jury
Instructions</u>, Instrs. 50A-8, 40-3, 40-4, 40-
14, 44-9, 44-12.

**REQUEST NO. 11**

**Count One
Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**First Object (Financial Transaction to Avoid Transaction
Reporting Requirement**

**Third Element:   Knowledge of the Source of Funds**

The third element that the Government must prove beyond a reasonable doubt is that two or more persons entered into the agreement to engage in a financial transaction with knowledge that the transaction involved the proceeds of <u>some</u> form of unlawful activity.

To satisfy this element, the Government must prove that two or more persons agreeing to conduct the transaction knew that the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity that constitutes a felony under state, federal, or foreign law. Thus, the Government does not have to prove that the conspirators specifically knew that the property involved in the transaction represented the proceeds of access device fraud and bank fraud, as opposed to any other specific offense.   The Government only has to prove that the individuals agreeing to conduct the financial transaction knew that the transaction represented the proceeds of <u>some</u> illegal activity that was a felony.

Keep in mind that it is not necessary for all

24

conspirators to believe that the proceeds came from the same unlawful activity; it is sufficient that each potential conspirator believed that the proceeds came from <u>some</u> unlawful activity.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-4, 50A-9.

**REQUEST NO. 12**

**Count One
Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**First Object (Financial Transaction to Avoid Transaction
Reporting Requirement)**

**Fourth Element: Knowledge That Transaction Was Designed to Avoid
a Reporting Requirement**

The fourth element that the Government must prove
beyond a reasonable doubt is that two or more persons entered
into the agreement with knowledge that the transaction was
designed to avoid a transaction reporting requirement under
federal or state law.

I instruct you that federal law requires domestic
financial institutions to file a report with the federal
government any time that they are involved in a transaction
involving $10,000 or more in United States currency.  This is
known as a currency transaction report, or CTR.  As I have
already instructed you, the definition of "financial institution"
includes money services businesses.

If you find that the evidence establishes beyond a
reasonable doubt that the defendant knew of the purpose of the
particular transaction at issue, and that he knew that the
transaction was designed to avoid a requirement of reporting the
transaction, then this element is satisfied.  Intent to avoid a

reporting requirement need not be the sole motivating factor.

However, if you find that the defendant knew of the transaction but did not know that it was designed to avoid a requirement to report the transaction, you must find that this element has not been satisfied and find the defendant not guilty.

Proof that the conspirators knew the purpose of the financial transaction was to avoid a transaction reporting requirement may be established by proof that the alleged conspirator actually knew, or knew because of circumstantial evidence.  In other words, you are entitled to find from the circumstances surrounding the financial transaction what the purpose of the activity was and that the alleged conspirator knew of that purpose.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 50A-10, 50B-3, and 50B-4.  <u>See also</u> the charge of the Hon. Robert P. Patterson in <u>United States v. Dominguez-Gabriel</u>, 09 Cr. 157 (2010); 31 C.F.R. §§ 103.11, 103.22.

**REQUEST NO. 13**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Second Object (International Transportation to Avoid Transaction Reporting Requirement)**

**Elements**

The second alleged object of the money laundering conspiracy is to violate Section 1956(a)(2)(B)(ii), which defines a type of money laundering involving the international transportation of funds designed to avoid a transaction reporting requirement. Specifically, Section 1956(a)(2)(B)(ii) provides:

> Whoever transports, transmits, or transfers, or attempts to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or though a place outside the United States ... knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation is designed in whole or in part ... to avoid a transaction reporting requirement under State or Federal law, [is guilty of a crime].

To sustain its burden of proof that the money laundering conspiracy charged in Count One existed and that this second type of money laundering was its object, the Government must prove beyond a reasonable doubt the following four elements:

28

First, that two or more persons knowingly entered into an agreement to transport or attempt to transport a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

Second, that the monetary instrument or funds involved in the transportation involved the proceeds of some form of unlawful activity;

Third, that those persons entered into the agreement with the knowledge that the monetary instrument or funds involved represent the proceeds of some form of unlawful activity; and

Fourth, that those persons entered into the agreement with the knowledge that the transportation was designed in whole or in part to avoid a transaction reporting requirement under state or federal law.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 50A-16.

29

**REQUEST NO. 14**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Second Object (International Transportation to Avoid Transaction Reporting Requirement)**

**First Element: Agreement to Transport a Monetary Instrument or Funds to or from the United States**

The first element that the Government must prove beyond a reasonable doubt is that two or more persons knowingly agreed to transport a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States.

The term "monetary instrument" means coin or currency of the United States or of any other country, travelers' checks, personal checks, bank checks, money orders, investment securities in bearer form or otherwise in such form that title thereto passes upon delivery, and negotiable instruments in bearer form or otherwise in such form that title thereto passes upon delivery.

The term "funds" refers to money or negotiable paper which can be converted into currency.

"Transportation" is not a word which requires a definition; it is a word which has its ordinary, everyday

30

meaning. The government need not prove that the defendant physically carried the funds or monetary instrument in order to prove that he is responsible for transporting it.  All that is required is proof that the defendant caused the funds or monetary instrument to be transported.

Electronic conveyance of funds constitutes "transportation."  Moreover, the funds need not be transferred in a single step.  Rather, a multi-step plan to transfer money from one location to another can constitute a single "transfer", and, similarly, a person is considered to have engaged in a "transfer" of money whenever he accepts money in one location and, pursuant to an overall course of conduct, causes the delivery of related money to another location.

Finally, the government is also required to prove, in order to establish a violation of this section, that the funds or monetary instrument was transported from somewhere in the United States to or through someplace outside the United States, or that it was transported to someplace in the United States from or through someplace outside the United States.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instrs. 50A-13, 50A-17.  See
> also United States v. Piervinanzi, 23 F.3d
> 670, 680 (2d Cir. 1991) (statute governing
> foreign money laundering applied to wire
> transfers as well as physical conveyances of
> money); United States v. Dinero Exp., Inc.,
> 313 F.3d 803, 807 (2d Cir. 2002) ("[A] course
> of conduct that begins with a sum of money

located in one country and ends with a
related sum of money located in another may
constitute a "transfer" for purposes of §
1956(a)(2). This is true whether or not the
particular transactional vehicle for
effecting the "transfer" is comprised of a
single step or a series, and whether or not
the funds move directly between an account in
the United States and one abroad.").

**REQUEST NO. 15**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Second Object (International Transportation to Avoid Transaction Reporting Requirement)**

**Second Element: Source of Funds**

The second element that the government must prove beyond a reasonable doubt is that the property involved in the financial transaction was the proceeds of some form of unlawful activity.

I have already instructed you on this element when I gave you my instruction as to the second element of the first object of the money laundering conspiracy, and you should follow that instruction here.

> *See* Sand, <u>Modern Federal Jury Instructions</u>,
> Instr. 50A-18.

33

**REQUEST NO. 16**

**Count One**
**Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Second Object (International Transportation to Avoid Transaction Reporting Requirement)**

**Third Element: Knowledge of the Source of Funds**

The third element that the government must prove beyond a reasonable doubt is that two or more persons entered into the agreement with knowledge that the transaction involved the proceeds of <u>some</u> form of unlawful activity.

I have already instructed you on this element when I gave you my instruction as to the third element of the first object of the money laundering conspiracy, and you should follow that instruction here.

*See* Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50A-18.

34

**REQUEST NO. 17**

**Count One
Money Laundering Conspiracy**

**First Element – Existence Of The Conspiracy**

**Second Object (International Transportation to Avoid Transaction
Reporting Requirement)**

**Fourth Element: Knowledge That Transaction Was Designed to Avoid
a Reporting Requirement**

The fourth element that the Government must prove beyond a reasonable doubt is that two or more persons entered into the agreement with knowledge that the transaction was designed to avoid a transaction reporting requirement under federal or state law.

I have already instructed you on this element when I gave you my instruction as to the fourth element of the first object of the money laundering conspiracy, and you should follow that instruction here.

*See* Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 50A-19.

35

**REQUEST NO. 18**

**Count One**
**Money Laundering Conspiracy**

**Second Element – Membership In The Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

In this regard, what the Government must prove beyond a reasonable doubt is that the defendant unlawfully, knowingly, and willfully entered into the conspiracy with a criminal intent -- that is, with a purpose to violate the law -- and that the defendant agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

**"Unlawfully," "Willfully," And "Knowingly" Defined**

The term "unlawfully" simply means contrary to law.  In order to prove that the defendant acted "unlawfully," the Government need not prove that the defendant knew that he was breaking any particular law or any particular rule.  The Government must only show that the defendant was aware of the generally unlawful nature of his acts.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

36

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that it is to say, with a bad purpose either to disobey or disregard the law.

Now, science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking. However, you have before you the evidence of certain acts, conversations, and statements alleged to involve the defendant and others. The Government contends that these acts, conversations, and statements show, beyond a reasonable doubt, the defendant's knowledge of the unlawful purpose of the conspiracy.

It is not necessary for the Government to show that the defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, the defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that the defendant knew every other member of the conspiracy. Nor is it necessary that the defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome. It is enough if he participated in the conspiracy unlawfully, willfully, and knowingly, as I have defined those terms.

The duration and extent of the defendant's

37

participation has no bearing on the issue of the defendant's guilt.  He need not have joined the conspiracy at the outset.  He may have joined it at any time – at the beginning, in the middle, or at the end.

Each member of a conspiracy may perform separate and distinct acts.  Some conspirators play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a conspiracy does not make that person a member of the conspiracy, even when that association is coupled with knowledge that a conspiracy is occurring.  In other words, knowledge of a conspiracy, without agreement to participate in it, is not sufficient.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  The defendant thereby becomes a knowing and willing participant in the unlawful agreement -- that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (2008); and Sand, Modern Federal Jury Instructions, Instrs. 19-6, 3A-1, 3A-3; see United States v. Aleskerova, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which Government may show participation in conspiracy with required state of mind); United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member."); United States v. Miranda-Ortiz, 926 F.2d 172, 175-76 (2d Cir. 1991) (generally discussing proof required to show membership in conspiracy); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same).

**REQUEST NO. 19**

**Count One**
**Money Laundering Conspiracy**

**No Overt Act Requirement**

Count One of the Indictment contains a paragraph titled "overt acts." These "overt acts" provide examples of conduct undertaken by alleged members of the conspiracy to further or promote the illegal objectives of the conspiracy charged in Count One. That portion of Count One alleges:

> In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere: *[The Court is respectfully requested to read the overt acts specified in Count One of the Indictment.]*

It is <u>not</u> necessary for the Government to prove that any of the overt acts alleged in Count One of the Indictment took place, so long as the Government proves, as I have explained, the existence of the conspiracy charged in the Indictment and that the defendant was a knowing and intentional member of the conspiracy.

> Adopted from the charge of the Hon. Robert P. Patterson in <u>United States v. Dominguez-Gabriel</u>, 09 Cr. 157 (2010). <u>See</u> <u>Whitfield v. United States</u>, 543 U.S. 209, 214 (2005) (conviction for conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h), does not require proof of an overt act in furtherance of the conspiracy).

40

**REQUEST NO. 20**

**Count Two**
**Conspiracy to Defraud the United States**

**The Indictment And The Statute**

Count Two of the Indictment charges the defendant with participating in a conspiracy to defraud the United States and an agency thereof, namely, the IRS. *[The Court is respectfully requested to read Count Two of the Indictment, excluding the "overt acts" section.]*

The Indictment then lists the overt acts that are alleged to have been committed in furtherance of the conspiracy. The relevant statute on this subject provides:

> If two or more persons conspire ... to
> defraud the United States, or any agency
> thereof in any manner or for any purpose, and
> one or more of such persons do any act to
> effect the object of the conspiracy, each [is
> guilty of a crime].

The term conspiracy in the context of Count Two has the same meaning as I instructed you earlier, namely, it is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

The charge of conspiracy to defraud the Government does not mean that one of the illegal objects must be to cause the Government to suffer a loss of money or property as a consequence of the conspiracy.  It would also be a conspiracy to defraud if one of the objects was to obstruct, interfere, impair, impede or

41

defeat the legitimate functioning of the Government through

deceit, craft, trickery, or fraudulent or dishonest means.

> Adapted from Sand, <u>Modern Federal Jury
> Instructions</u> Instrs. 19-2, 19-11, 19-12, and
> Pattern Crim. Jury Instr. 3rd Cir. 6.18.371B
> (2009); <u>see also</u> <u>United States v. Labat</u>, 905
> F.2d 18, 21 (2d Cir. 1990) ("Since the
> essence of conspiracy is the agreement and
> not the commission of the substantive offense
> that is its objective, the offense of
> conspiracy may be established even if the
> collaborators do not reach their goal.").

42

**REQUEST NO. 21**

**Count Two**
**Conspiracy to Defraud the United States**

**Elements Of Conspiracy**

In order to sustain its burden of proof with respect to the conspiracy charged in Count Two, the Government must prove beyond a reasonable doubt the following three elements:

First, the existence of the conspiracy charged, that is, an agreement or understanding to defraud the IRS;

Second, that the defendant knowingly and willfully became a member of the conspiracy charged; and

Third, that any one of the conspirators -- not necessarily the defendant, but any one of the members of the conspiracy -- knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of the conspiracy.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange, and Sullivan Counties.  Anything that occurs in the counties I have listed for you occurs in the Southern District of New York.

Now let us separately consider the three elements.

Adapted from Sand, Modern Federal Jury
Instructions Instr. 19-3 and from the charge
of the Hon. Richard J. Sullivan in United
States v. Peirce, 06 Cr. 1032 (2008).

43

**REQUEST NO. 22**

**Count Two**
**Conspiracy to Defraud the United States**

**First Element – Existence Of The Conspiracy**

I have already instructed you on this element in connection with the money laundering conspiracy charged in Count One, and you should follow those instructions here, with one difference – that is, the object of the conspiracy.

The Indictment alleges that the object of the conspiracy charged in Count Two is to defraud the United States and its agency, the IRS.  I instruct you that the Internal Revenue Service, commonly known as the IRS, is an agency of the United States Government.

The IRS is responsible for, among other things, the collection and recording of currency transaction reports, or CTRs, as I explained them to you earlier.  Thus, the phrase "conspiracy to defraud the United States" in this Indictment means that the defendant and his co-conspirators allegedly conspired to impede, impair, obstruct or defeat the lawful functions of the IRS in collecting and recording CTRs.

It is not necessary that the Government or the IRS actually suffer a financial loss from the scheme.  A conspiracy to defraud exists simply when there is an agreement, if you so find, to impede, impair, obstruct or defeat, by

44

deceit, craft, trickery, or fraudulent or dishonest means, a

lawful function of the IRS.

> Adapted from Sand, Modern Federal Jury
> Instructions, Instr. 19-12; charge of the
> Hon. Loretta Preska in United States v.
> Hundley, 02 Cr. 441, charge of the Hon. John
> Walker in United States v. Helmsley, 88 Cr.
> 219 (1989); United States v. Klein, 247 F.2d
> 908 (2d Cir. 1957) (upholding conspiracy
> convictions involving scheme to hide
> information from the IRS in order to protect
> a tax position that was, ultimately,
> vindicated, because defendants' activities
> involved hiding information "by deceit, craft
> or trickery, or at least by means that are
> dishonest", thus preventing IRS from
> information to which it was entitled).

**REQUEST NO. 23**

**Count Two**
**Conspiracy to Defraud the United States**

**Second Element – Membership In The Conspiracy**

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy to defraud the United States charged in Count Two of the Indictment existed, then you must next determine the second question:  Whether the defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

I have already instructed you on this element in connection with the money laundering conspiracy charged in Count One, and you should follow those instructions here as well.

**REQUEST NO. 24**

**Count Two**
**Conspiracy to Defraud the United States**

**Third Element: Overt Act**

The third element on the conspiracy charged in Count Two is the requirement of an overt act. The Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of that conspiracy by at least one of the co-conspirators -- not necessarily the defendant -- in the Southern District of New York. Again, I instruct you as a matter of law that Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan Counties fall within the geographic boundaries of the Southern District of New York.

The purpose of the overt act requirement is clear. There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of that conspiracy.

Count One of the Indictment contains a section entitled "overt acts." These "overt acts" are examples of conduct alleged to have been undertaken by members of the conspiracy to promote the illegal objectives of the conspiracy. The overt acts alleged are as follows:

*[The Court is respectfully requested to read the "overt acts" section of Count One of the Indictment.]*

You may find that overt acts were committed that are

47

not alleged in the Indictment.  The only requirement is that one of the members of the conspiracy -- again, not necessarily the defendant -- has taken some step or action in furtherance of the conspiracy in the Southern District of New York during the life of that conspiracy.

In other words, the overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators in order to further that conspiracy.

In order for the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment.  Nor do you need to find that the defendant committed any of the overt acts alleged. It is sufficient for the Government to show that one of the alleged co-conspirators knowingly committed some overt act in furtherance of the conspiracy.

You are further instructed that the overt act need not have been committed at precisely the times alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that it occurred at or about the time and place stated, as long as it occurred while the conspiracy was still in existence.

You should bear in mind that the overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an objective of the conspiracy.

You are reminded that the "overt act" element applies only to the conspiracy to defraud the IRS charged in Count Two, and not to the money laundering conspiracy charged in Count One.

> Adapted from the charge of the Hon. Richard
> J. Sullivan in United States v. Peirce, 06
> Cr. 1032 (2008); and Sand, Modern Federal
> Jury Instructions, Instr. 19-8.

**REQUEST NO. 25**

**Conscious Avoidance**

My instructions for Count One and Count Two both have included instructions on the concept of knowledge.  Let me say one other thing about that concept.  In determining whether the defendant had the requisite intent and knowledge, you may consider whether the defendant deliberately closed his eyes to what otherwise would have been obvious.

I previously told you that acts done knowingly must be the product of a defendant's conscious intention, not the product of carelessness or negligence.  A person, however, cannot willfully close his eyes to the obvious and disregard what is plainly before him.

Thus, for example, with respect to Count One, if you find beyond a reasonable doubt that the defendant was aware that there was a high probability that the funds involved in the transactions were the proceeds of unlawful activity, but that the defendant deliberately and consciously avoided confirming this fact, then you may treat this deliberate avoidance of positive knowledge as the equivalent of knowledge.  However, if you find that the defendant actually believed that the funds were not the proceeds of unlawful activity, the defendant may not be convicted.

Now, Counts One and Two are both conspiracy counts.

50

Let me explain how this concept of conscious avoidance applies to conspiracy.

With respect to Count One – the money laundering conspiracy – if you find that the defendant really was aware that there was a high probability that the objects of the conspiracy were to commit money laundering in one or both of the ways charged in the Indictment, but willfully and deliberately avoided confirming that fact, you may infer from such a willful and deliberate avoidance of knowledge, a conscious avoidance of knowledge, that the defendant really had knowledge. If, however, the defendant believed that the conspiracy was not involved in these types of money laundering, or if he was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a coconspirator. An argument of conscious avoidance is not, in other words, a substitute for proof.

Similarly, with respect Count Two – the conspiracy to defraud the IRS – if you find that the defendant really was aware that there was a high probability that the object of the conspiracy was to defraud the IRS, but willfully and deliberately avoided confirming that fact, you may infer from such a willful and deliberate avoidance of knowledge, a conscious avoidance of knowledge, that the defendant really had knowledge. If, however, the defendant believed that the conspiracy was not involved in

defrauding the IRS, or if he was merely negligent or careless with regard to what knowledge he had, he lacked the knowledge necessary to become a coconspirator.

I want to be clear about what this concept of conscious avoidance, or closing your eyes to what may be apparent in front of you, means and what it does not mean.  First, there is a difference between knowingly participating in a conspiracy and knowing the objects or the  purposes of a conspiracy.  "Conscious avoidance," as I have just described it, cannot be used as a substitute for a finding that the defendant knowingly joined the conspiracy.  It is logically impossible for a defendant to join a conspiracy unless he knows that a conspiracy exists.

However, if you find beyond a reasonable doubt that the defendant chose to participate in one or both of the conspiracies alleged in this indictment, in considering whether he knew what the objects of the conspiracies were, you may consider whether the defendant deliberately avoided confirming an otherwise obvious fact that one purpose of the partnership or conspiracy he joined was one of the objects charged in the indictment.

You must judge from all the circumstances and all the proof whether the Government did or did not satisfy its burden of proof beyond a reasonable doubt.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 3A-2, the charges of the Hon. Lewis A. Kaplan in <u>United States v. Salazar-Espinosa</u>, 05 Cr. 517 (2007), and in

United States v. Trujillo, 01 Cr. 1077, the
charge of the Hon. Laura Taylor Swain in
United States v. Thompkins, 04 Cr. 645
(2006), the charge of the Hon. Shira A.
Scheindlin in United States v. Preldakaj, 08
Cr. 1054 (2010), the charge of the Hon.
Denise L. Cote in United States v. Muse, 06
Cr. 600 (2007), and the charge of the Hon.
Sidney H. Stein in United States v. Herbert,
03 Cr. 211 (2004).  See also United States v.
Mang Sun Wong, 884 F.2d 1537, 1541-43 (2d
Cir. 1989) (expressly approving charge).  "A
conscious avoidance charge is appropriate
when the defendant claims a lack of knowledge
of the relevant acts [sic], but the
surrounding circumstances would permit a
reasonable juror to conclude that the
defendant should have known about them."
United States v. Brito, 907 F.2d 392, 396 (2d
Cir. 1990).  See United States v. Rodriguez,
983 F.2d 455, 457-58 (2d Cir. 1993)
(clarifying when charge is appropriate:
"[T]he charge is warranted only if the
evidence is such that a rational juror may
reach that conclusion beyond a reasonable
doubt").  See also United States v. Lanza,
790 F.2d 1015, 1022 (2d Cir. 1986) (same);
United States v. Guzman, 754 F.2d 482, 489
(2d Cir. 1985) (same).

## REQUEST NO. 26

### Venue

In addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York encompasses Manhattan, the Bronx, Westchester, Rockland, Putnam, Dutchess, Orange and Sullivan County, so anything that occurs in those counties occurs in the Southern District of New York.

I note that on this issue, and this issue alone, the Government need not offer proof beyond a reasonable doubt and that it is sufficient if the Government proves venue by a mere preponderance of the evidence.  A preponderance of the evidence means to prove that the fact is more likely than not true.  Thus, the Government has satisfied is venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Adapted from the charge of the Hon. Leonard
B. Sand in United States v. Rigas, 02 Cr.
1236, and from the charge of the Hon. Naomi
Reice Buchwald in United States v. Williams,
00 Cr. 1008.

54

## REQUEST NO. 27

## Time of Conspiracies

The Indictment alleges that the conspiracies existed from at least in or about December 2006 through in or about February 2008.  It is not essential that the Government prove that the conspiracies alleged started and ended on any specific dates.  Similarly, an overt act need not have been committed at precisely the time alleged in the Indictment.

Adapted from the charge of the Hon. Richard J. Sullivan in United States v. Peirce, 06 Cr. 1032 (2008); and Sand, Modern Federal Jury Instructions, Instr. 3-12.

55

**REQUEST NO. 28**

**Liability For Acts And Declarations Of Co-Conspirators**

[*If Applicable*]

You will recall that I have admitted at this trial evidence of the acts and statements of other individuals who were not present because such acts were committed and such statements were made by a person who, the Government claims, was also a confederate or co-conspirator of the defendant.

The reason for allowing this evidence to be received against the defendant has to do in part with the nature of the crime of conspiracy. As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that the defendant was a member of one or both of the conspiracies charged in the Indictment, then any acts done or statements made in

56

furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against the defendant.  This is so even if such acts were committed or such statements were made in the defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of the defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered by you in deciding whether the defendant is guilty or not guilty.

> Adapted from the charge of the Hon. Michael B. Mukasey in United States v. Stasinopoulos, 98 Cr. 609 (2000).  See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir. 1982) (specifically mandating that juries not be invited to reconsider the admissibility of co-conspirator hearsay).

**REQUEST NO. 29**

**Variance In Dates, Amounts, And Facts Alleged**

You will note that the Indictment alleges that certain acts occurred on or about various dates.  It does not matter if the evidence you heard at trial indicates that a particular act occurred on a different date.  The law requires only a substantial similarity between the dates alleged in the Indictment and the dates established by the evidence.

Adapted from the charge of the Hon. John S. Martin in United States v. Lawless, S2 96 Cr. 522 (1997); and the charge of the Hon. Sonia Sotomayor in United States v. Lugo, S2 96 Cr. 521 (1997).

## REQUEST NO. 30

## Use Of Cooperating Witnesses

You have heard from witnesses who testified that they committed crimes.  Let me say a few things that you want to consider during your deliberations on the subject of what we call cooperating witnesses.

Cooperating witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of the witness's recollection, the witness's background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether the cooperating witness, like any other witness called in this case, has an interest in the outcome of the case and, if so, whether it has affected his or her testimony.

You heard testimony about agreements between the Government and one or more witnesses.  I must caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of cooperating witnesses, you should ask yourselves whether the cooperating witness would benefit more by lying, or by telling the truth.  Was his or her

59

testimony made up in any way because he or she believed or hoped that he or she would somehow receive favorable treatment by testifying falsely?  Or did he or she believe that his or her interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him or her to lie, or was it one which would cause him or her to tell the truth?  Did this motivation color his or her testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the cooperating witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from the charge of the Hon. Richard
> J. Sullivan in United States v. Peirce, 06
> Cr. 1032 (2008); see United States v.
> Projansky, 465 F.2d 123, 136-37 fn. 25 (2d
> Cir. 1972) (specifically approving charge set
> forth in footnote); United States v. Gleason,
> 616 F.2d 2, 15 (2d Cir. 1979) ("Where the
> court points out that testimony of certain
> types of witnesses may be suspect and should
> therefore be scrutinized and weighed with

care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted); <u>United States v. Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same).  <u>See also United States v. Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

## <u>REQUEST NO. 31</u>

**Expert Testimony**

*[If Applicable]*

You have also heard testimony from a witness who is an expert in [*Government will provide description*].  An expert is allowed to express his or her opinion on those matters about which he or she has special knowledge and training.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing the expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept this witness's testimony merely because he is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

## **REQUEST NO. 32**

## **Particular Investigative Techniques**

[*If Applicable*]

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by law enforcement authorities.  There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence presented by the Government, you need not speculate as to why they used the techniques they did, or why they did not use other techniques.  The Government is not on trial, and law enforcement techniques are not your concern.

Your concern is to determine whether or not, based on the evidence or lack of evidence, the guilt of the defendant has been proven beyond a reasonable doubt.

> Adapted from the charge of the Hon. Stephen C. Robinson in United States v. Leight, No. 04 Cr. 1372 (2006), from the charge of the Hon. Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (1992), and from the charge of the Hon. John F. Keenan in United States v. Medina, 91 Cr. 894 (1992).

63

**REQUEST NO. 33**

**False Exculpatory Statements**

[I*f Applicable*]

You have heard testimony that a defendant made statements in which the defendant claimed that his conduct was consistent with innocence and not with guilt.  The Government claims that these statements in which the defendant exculpated himself are false.

If you find that the defendant gave a false statement in order to divert suspicion from himself, you may infer that the defendant believed that he was guilty.  You may not, however, infer on the basis of this alone that the defendant is, in fact, guilty of the crimes for which he is charged.

Whether or not the evidence as to a defendant's statements shows that the defendant believed that he or she was guilty, and the significance, if any, to be attached to any such evidence, are matters for you, the jury, to decide.

Sand, Modern Federal Jury Instructions,
Instr. 6-11.

## REQUEST NO. 34

## Defendant's Testimony

[*Requested Only If The Defendant Testifies*]

The defendant in a criminal case never has any duty to testify or come forward with any evidence. This is because, as I have told you, the burden of proof beyond a reasonable doubt remains on the government at all times, and the defendant is presumed innocent. In this case, the defendant did testify and he was subject to cross-examination like any other witness.  You should examine and evaluate the testimony just as you would the testimony of any witness in the case.

> See United States v. Brutus, 505 F.3d 80,
> 87-88 & n. 7 (2d Cir. 2007); Herndon v.
> United States, 359 Fed. Appx. 241, 244 (2d
> Cir. 2010).

## REQUEST NO. 35

### Defendant's Right Not To Testify

[*If Requested By The Defendant*]

The defendant did not testify in this case. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt. That burden remains with the Government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that she is innocent.

You may not attach any significance to the fact that the defendant did not testify. No adverse inference against her may be drawn by you because the defendant did not take the witness stand. You may not consider this against the defendant in any way in your deliberations in the jury room.

Sand, Modern Federal Jury Instructions,
Instr. 5-21.

66

**REQUEST NO. 36**

**Testimony Of Law Enforcement Officers**

You have heard testimony of law enforcement officers. The fact that a witness may be a law enforcement official or a federal government employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than of an ordinary witness.

At the same time, defense counsel may to try to attack the credibility of a law enforcement official or government employee witness on the grounds that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement official or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-16 and the charge of the Hon. Naomi Reice Buchwald in United States v. Rodriquez, 09 Cr. 58 (2010); see also United States v. Ouimette, 798 F.2d 47, 49 (2d Cir. 1986) (as a general rule, "it is inappropriate to charge that police officers testifying at trial are specially interested in the outcome of a case").

**REQUEST NO. 37**

**Limiting Instruction: Similar Act Evidence**

*[If Applicable]*

You will recall that some evidence introduced by the Government was received for limited purposes. Specifically, you heard testimony regarding [*Government will provide a description of the relevant conduct to the Court based upon the Court's rulings*]. In summary, the Government offered this evidence to demonstrate the defendant's [intent, knowledge, and motive; to demonstrate that the defendant did not act as a result of a mistake or accident; to provide background to the charges in this case; and to complete the story of the charged offenses]. In this connection, let me remind you that the defendant is not on trial for committing acts not alleged in the Indictment. Accordingly, you may not consider this evidence as a substitute for proof that the defendant committed the crimes charged in the Indictment. Nor may you consider this evidence as proof that the defendant has a criminal personality or bad character. This evidence about the defendant's prior conduct was admitted for much more limited purposes and you may consider it only for those limited purposes.

Specifically, if you determine that the defendant engaged in conduct similar or related to that charged in the Indictment, then you may, but need not, consider this evidence on the issue of the defendant's motive to commit the charged crimes. In addition,

68

if you determine that the defendant committed the acts charged in the Indictment and the similar acts as well, then you may, but need not, draw an inference that in doing the acts charged in the Indictment, the defendant acted knowingly and intentionally and not because of some mistake, accident, or some other innocent reasons. Thus, you may consider these similar acts in the past in determining whether the defendant acted with knowledge and intent in this case.

The evidence of the defendant's prior conduct may not be considered by you for any other purpose. Specifically, you may not use this evidence to conclude that, because the defendant committed the other acts, he must also have committed the acts charged in the Indictment.

Adapted from the charge of the Hon. Richard J. Sullivan in <u>United States v. Peirce</u>, 06 Cr. 1032 (2008) and Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-25; <u>see</u> <u>United States v. Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992) ("upon request, the district court must give an appropriate limiting instruction to the jury" when admitting similar act evidence pursuant to Rule 404(b)).

## REQUEST NO. 38

## Uncalled Witness: Equally Available To Both Sides

[*If Applicable*]

Both the Government and the defendant have the same power to subpoena witnesses to testify on their behalf.  If a potential witness could have been called by the Government or by the defendant, and neither called the witness, then you may draw the conclusion that the testimony of the absent witness might have been unfavorable to the Government, unfavorable to the defendants, or unfavorable to both.  On the other hand, it is equally within your province to draw no inference at all from the failure of either side to call any particular witness.

You should remember that there is no duty on either side to call a witness whose testimony would be merely cumulative of testimony already in evidence, or who would merely provide additional testimony to facts already in evidence.

> Adapted from the charge of the Hon. Kenneth Conboy in United States v. Lew, 91 Cr. 361 (1991); and Sand, Modern Federal Jury Instructions, Instr. 6-7; see United States v. Erb, 543 F.2d 438, 444 (2d Cir. 1976) (discussing propriety of missing witness charges).  "[W]hen a witness is equally available to both sides, 'the failure to produce is open to an inference against both parties.'  No instruction is necessary where the unpresented testimony would be merely cumulative."  United States v. Torres, 845 F.2d 1165, 1169 (2d Cir. 1988) (citations omitted & emphasis in original); see also United States v. Nichols, 912 F.2d 598, 601

70

(2d Cir. 1990) (whether to give charge is committed to discretion of trial judge; generally discussing applicable standards); <u>United States v. Caccia</u>, 122 F.3d 136 (2d Cir. 1997) (discussing when uncalled witness charge is appropriate).

## **REQUEST NO. 39**

## **Charts and Summaries – Admitted As Evidence**

[*If Applicable*]

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider these charts and summaries as you would any other evidence.


Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 5-12.

## REQUEST NO. 40

## Charts And Summaries – Not Admitted As Evidence

[*If Applicable*]

During the course of trial there were charts and summaries shown to you in order to make the other evidence more meaningful and to aid you in considering that evidence.  They are not direct, independent evidence; they are summaries of the evidence.  They are admitted as aids to you.

In understanding the evidence which you have heard, it is clearly easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

It is for you to decide whether the charts and summaries correctly present information contained in the testimony and in the exhibits on which they are based.  To the extent that the charts conform with what you determine the underlying evidence to be, you may consider them if you find that

they are of assistance to you in analyzing and understanding the

evidence.

> Adapted from the charge of the Hon. Kevin
> Thomas Duffy in <u>United States v. Castellano</u>,
> 84 Cr. 63, <u>aff'd in part and rev'd in part</u>,
> 811 F.2d 47 (2d Cir. 1987); and Sand, <u>Modern
> Federal Jury Instructions</u>, Instr. 5-13.

## REQUEST NO. 41

## Stipulations Of Testimony

[*If Applicable*]

In this case you have heard evidence in the form of stipulations of testimony.  A stipulation of testimony is an agreement between the parties that, if called as a witness, the person would have given certain testimony.  You must accept as true the fact that the witness would have given that testimony.  However, it is for you to determine the effect to be given that testimony.

Sand, Modern Federal Jury Instructions,
Instr. 5-7.

75

## **REQUEST NO. 42**

## **Stipulations Of Fact**

[*If Applicable*]

In this case you have also heard evidence in the form of stipulations of fact.  A stipulation of fact is an agreement between the parties that a certain fact is true.  You must regard such agreed facts as true.

Sand, <u>Modern Federal Jury Instructions</u>,
Instr. 5-6.

76

## REQUEST NO. 43

## Persons Not On Trial

You may not draw any inference, favorable or unfavorable, towards the Government or the defendants from the fact that any person other than the defendant is not on trial here.  You may also not speculate as to the reasons why other persons are not on trial.  Those matters are wholly outside your concern and have no bearing on your function as jurors.

Adapted from the charge of the Hon. Henry F. Werker in United States v. Barnes, 77 Cr. 190 (1977), aff'd, 604 F.2d 121 (2d Cir. 1979).

## REQUEST NO. 44

## Preparation Of Witnesses

[*If Applicable*]

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating the credibility of a witness, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the court's time.  Indeed, it would be unusual and surprising for a lawyer to call a witness without such advance preparation.

Again, the weight you give to the fact or the nature of the preparation by a witness for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of the Hon. Michael B. Mukasey in <u>United States v. Abdul Latif Abdul Salam</u>, 98 Cr. 208 (1999).

78

## REQUEST NO. 45

## Character Witnesses

[*If Applicable*]

During the course of this trial, there has been testimony that the defendant, has a reputation for honesty and integrity in his community.  [*If Applicable*:  There has also been testimony to the contrary]*.*  That testimony bears on the defendant's character.  Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if on all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that she previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe she is a person of good repute.

The testimony of a character witness is not to be taken by you as the opinion by the witness as to the guilt or innocence of a defendant.  [*If Applicable*:  Indeed, a number of the character witnesses testified that they were not aware of the facts of this particular case.]  The guilt or innocence of a defendant is for you alone to determine, and that should be based

79

on all the evidence you have heard in the case.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-15; and the charge in <u>United States v. Pujana-Mena</u>, 949 F.2d 24, 27-31 (2d Cir. 1991) (defendant not entitled to a charge that character evidence "standing alone" is enough for acquittal).

## REQUEST NO. 46

### Conclusion

Your function now is to weigh the evidence in this case and to determine the guilt or non-guilt of the defendant with respect to the charges of the Indictment.

You must base your verdict solely on the evidence and these instructions as to the law, and you are obliged under your oath as jurors to follow the law as I have instructed you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.

In conclusion, ladies and gentlemen, I am sure that, if you listen to the views of your fellow jurors and if you apply your own common sense, you will reach a fair verdict here.

Remember that your verdict must be rendered without fear, without favor and without prejudice or sympathy.

Adapted from the charge of the Hon. Arnold Bauman in <u>United States v. Soldaro</u>, 73 Cr. 167 (1973).  <u>See also</u> <u>United States v. Corr</u>, 75 Cr. 803 (S.D.N.Y.), <u>aff'd</u>, 543 F.2d 1042 (2d Cir. 1976).

Dated:  New York, New York
        May 6, 2011

                        Respectfully submitted,

                        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                        Attorney for the United States
                             of America


                     By:  _____/s/ L.R._____
                          Thomas G. A. Brown
                          Lee Renzin
                          Assistant United States Attorneys
                          Telephone: (212) 637-2194/2723

**Certificate of Service**                    **Filed Electronically**

The undersigned attorney, duly admitted to practice before this
Court, hereby certifies that on the below date, he served or
caused to be served the following document in the manner
indicated:

**GOVERNMENT'S REQUESTS TO CHARGE**

Service via email and via Clerk's Notice of Electronic Filing
upon the following attorneys, who are Filing Users in this case:

        Edward J. McQuat, Esq.
        The Blanch Law Firm, P.C.
        261 Madison Ave., 12th Fl
        New York, NY 10016

        Ronald E. Kliegerman, Esq.
        Kliegerman & Joseph, LLP
        2 Rector St., 20th Fl
        New York, NY 10006


Dated:    New York, New York
          May 6, 2011


                    _____/s/_____
                    Lee Renzin